UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE R. PERRY,<br><br>        Plaintiff,<br>   v.<br><br>TERRY WHITE; and DOW CONSTANTINE,<br><br>        Defendants. | CASE NO. 2:22-cv-00477-TL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter is before the Court on *pro se* Plaintiff Adrienne R. Perry's Application for Count-Appointed Counsel (the "Motion") (Dkt. No. 8). The Court has reviewed the Motion and the relevant record and finds oral argument unnecessary. Fed. R. Civ. P. 78(b). For the reasons explained below, the Motion is DENIED.

## I.   BACKGROUND

Plaintiff brings claims of employment discrimination on the basis of race, color, gender/sex, and age, under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 (the "ADA") against Terry White and Dow

Constantine (together, "Defendants"). *See* Dkt. No. 6, at 3–4 (Complaint). Plaintiff alleges that, in or around 2020 and 2021, they[1] were employed by King County Metro and constantly bullied by supervisors and drivers, "all backed by the Chiefs." *Id.* at 4. Plaintiff also alleges that their complaints and reports went ignored, and no action was taken "beyond the filing of a report with the King County Sheriff" when their "property was damaged at the base." *Id.*

On April 18, 2022, the Honorable S. Kate Vaughan, United States Magistrate Judge, issued a Report and Recommendation ("R&R") to deny Plaintiff's motion for leave to proceed *in forma pauperis*, finding that Plaintiff has the financial resources to pay the filing fee. Dkt. No. 5. Plaintiff subsequently paid the filing fee and then filed this Motion (Dkt. No. 8), which is now before the Court. Defendants have yet to appear in the case.

## II.   DISCUSSION

"A plaintiff has no constitutional right to appointed counsel for employment discrimination claims." *Shepherd-Sampson v. Paratransit Servs.*, No. C13-5888BHS, 2014 WL 3728768, at *2 (W.D. Wash. July 25, 2014). But "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney" for a plaintiff bringing claims under Title VII and the ADA. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). "Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Here, Plaintiff's submissions do not support the appropriateness of the appointment of counsel.

---

[1] Plaintiff's sex or gender is unclear from the pleadings. Therefore, the Court uses the gender-neutral pronoun "they/them" to refer to Plaintiff.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2

First, Plaintiff appears to have some financial resources, including around $13,000 in a savings account, *see* Dkt. No. 5, but the Court finds this factor to be neutral and unnecessary to its final decision as the remaining two factors weigh against appointment of counsel. Second, while it appears that Plaintiff made some attempts to retain an attorney, *see* Dkt. No. 8, at 2, the application fails to provide any supporting facts such as how many attorneys were contacted, when they were contacted, or whether Plaintiff tried to obtain any pro bono legal assistance.

Finally, Plaintiff has failed to show a likelihood of success on the merits of their claims. Plaintiff represents that the Equal Employment Opportunity Commission ("EEOC") or another agency determined there is reasonable cause to believe that Plaintiff's allegations are true, but the EEOC in fact declined to proceed with its investigation of Plaintiff's claims or to make any determination on the merits. *Compare* Dkt. No. 8, at 2, *with id.* at 4. Upon independent review of the record, the Court cannot say that the claims are likely to succeed, given the lack of factual allegations sufficient to support Plaintiff's claims. Plaintiff alleges that they are 57 years old but otherwise provides no details about their race, gender, or other protected characteristics. The only indication of Plaintiff's possible gender is the letter from the EEOC attached to the Motion, which refers to Plaintiff as "Ms. Adrienne R. Perry." *Id.* at 4. The Complaint is similarly lacking in detail on any of the alleged bullying, reporting (and Defendants' lack of response to such reporting), or property damage and, in particular, any facts tending to demonstrate that the actions were taken because of Plaintiff's race, gender, age, or other protected characteristics.

Accordingly, the Court finds that Plaintiff has not met their burden of establishing the circumstances that warrant an appointment of counsel at this point in the litigation. As the case moves forward, Plaintiff may renew their motion for appointment of counsel if needed. If the Court later orders an evidentiary hearing, counsel may also be appointed if Plaintiff qualifies.

### III. CONCLUSION

For the reasons above, it is hereby ORDERED that Plaintiff's motion to appoint counsel (Dkt. No. 8) is DENIED without prejudice.

Dated this 3rd day of June 2022.

Tana Lin
United States District Judge