UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE R. PERRY,<br><br>               Plaintiff,<br>   v.<br><br>TERRY WHITE General Manager, King County Metro; DOW CONSTANTINE, County Executive, King County,<br><br>               Defendants. | CASE NO. 2:22-cv-00477-TL<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants Terry White and Dow Constantine's Motion to Dismiss (Dkt. No. 29) Plaintiff Adrienne R. Perry's action for failure to serve and failure to state a claim. Having reviewed the relevant record and governing law, the Court GRANTS the motion.

## I.    BACKGROUND

Plaintiff Adrienne R. Perry is a former employee of King County Metro. Dkt. No. 6 at 4. She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and

the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. *Id.* at 3. Plaintiff alleges that the complained-of discriminatory conduct includes retaliation and bullying on seven separate occasions based on their[1] race, color, gender/sex, and age. *Id.* at 5.

Plaintiff is proceeding *pro se* (without an attorney) and used a Court-provided form to file their complaint. On the form, the only descriptions that Plaintiff provided about the complained-of discrimination are the two statements reproduced here: (1) "Bullying occurred, despite my making reports to the Chiefs it remained ongoing" (Dkt. No. 6 at 5 (response to "The facts of my case are as follows")); and (2):

> I was employed with King County Metro for over three years. During this time I was constantly subjected to harassment in the form of bullying, by supervisors and some drivers, all backed by the Chiefs. Despite my making reports, and pursuing a relief it was constantly ignored. When my property was damaged at the base nothing was done beyond the filing of a report with the King County Sheriff. I'm requesting loss of salary, mental anguish, and a restructuring which will prevent on going harassment, due to the window dressing of in house EEOC, Chiefs, and others who failed to take action.

Dkt. No. 6 at 4 ("Statement of Claim").

Plaintiff did not file a response to the motion to dismiss.

## II.   LEGAL STANDARDS

### A.   Failure to Properly Serve Process

The Federal Rules of Civil Procedure ("FRCP") allow a party to move for dismissal of an action in which there has been deficient service of process of the complaint and summons. Fed. R. Civ. P. 12(b)(5). Under FRCP 4, it is the plaintiff's responsibility to ensure that these documents are served within ninety (90) days after filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives

---

[1] Plaintiff's gender has not been stated in the complaint or in Plaintiff's subsequent filings (*see* Dkt. Nos. 1, 6, 8, 30), so the Court uses gender-neutral pronouns to refer to Plaintiff.

ORDER GRANTING MOTION TO DISMISS - 2

sufficient notice of a complaint," even where defendants have actual notice of a lawsuit, a district court cannot exercise personal jurisdiction over defendants who have not been served "in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987), and *Jackson v. Hayawaka*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

Particularly with regard to *pro se* litigants, courts within the Ninth Circuit have applied a four-factor test to determine whether to excuse the failure to provide personal service under Rule 4: (a) the party to be personally served received actual notice, (b) the defendant would not be prejudiced by the service defect, (c) there is justifiable excuse for the failure, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *DiMaio v. Cnty. of Snohomish, Dep't of the Sheriff*, C17-128, 2017 WL 3288177, at *3 (W.D. Wash. Aug. 2, 2017) (citing, *inter alia*, *Borzeka v. Heckler*, 739 F.3d 444, 447 (9th Cir. 1984)).

**B.  Failure to State a Claim**

A defendant may also seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a FRCP 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United*

ORDER GRANTING MOTION TO DISMISS - 3

*States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III. ANALYSIS

**A.    Failure to Serve**

Over one year has passed since Plaintiff filed the complaint in April 2022. *See* Dkt. No. 6. Defendants claim that they have not yet been served. Dkt. No. 29 at 8. Though Plaintiff filed certified mail receipts in an attempt to demonstrate service on both defendants on May 17, 2022 (Dkt. Nos. 9, 10), service by mail was never authorized by this Court and is insufficient under the FRCP. *See* Fed. R. Civ. P. 4(e)(2) (allowing, in the general course, for a domestic defendant to be served personally by delivering a copy to the individual personally, leaving a copy "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or via an authorized agent).

Applying the four-factor test regarding the failure to provide personal service, Defendants have actual notice of the lawsuit, as evidenced by their appearance and filing of the present motion to dismiss. As to the second factor, Defendants have not demonstrated any prejudice caused by the failure (*see* Dkt. No. 29 at 8–9). As to the third factor, Plaintiff has not provided *any* cause for their failure to personally serve Defendants, let alone a justifiable excuse for that failure. As Plaintiff failed to respond to Defendant's motion,[2] Plaintiff also has not provided any argument as to the final factor—the prejudice Plaintiff will suffer if the case is dismissed, especially considering that the current complaint fails to state a claim, as discussed in the following section.

---

[2] The Court notes that Plaintiff filed a change of address notice three days after Defendants filed their motion dismiss. Dkt. No. 30. However, Plaintiff had previously enrolled for e-service (Dkt. No. 19), so they should still have received a copy of Defendant's motion via email.

ORDER GRANTING MOTION TO DISMISS - 4

Thus, dismissal of the complaint would be proper on this ground alone.

**B.     Failure to State a Claim**

     **1.     Insufficient Allegations**

Plaintiff has failed to make out a *prima facie* case for any of their claims. Title VII of the Civil Rights Act prohibits an employer from discriminating against an employee due to that employee's opposition to an unlawful employment practice or their participation "in an investigation, proceeding, or hearing" as provided under the Act. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citing 42 U.S.C. § 2000e–3a). To make out a *prima facie* retaliation claim, a plaintiff must show: (1) they engaged in a protected activity, (2) the employer subjected them to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Id.* (internal citation omitted). None of these elements are satisfied by the complaint, which merely alleges that Plaintiff made "reports" (seemingly regarding bullying) to which no one responded and "pursu[ed]" some unspecified type of "relief." Plaintiff does not even state what actions constituted the alleged bullying, nor does Plaintiff explain what protected activity they were engaged in. Plaintiff also makes no allegations with regard to what allegedly unlawful action either of the named Defendants committed.

Defendants point out that even interpreting the complaint to raise a hostile work environment claim would not salvage it. *See* Dkt. No. 29 at 5. To succeed on such a claim, "the plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013). Nothing in Plaintiff's complaint describes any discrimination faced; simply ticking off boxes indicating that there was alleged discrimination based on race, color, gender/sex, and age is not enough to allege discrimination. *See* Dkt. No. 6 at 5. Indeed, the only specific fact

provided about the alleged discrimination is the number "57" written next to the "age" box which asks complainants to indicate their year of birth when alleging age discrimination. *Id.*

As for Plaintiff's ADEA claim, it also fails due to the lack of development of the complaint. The ADEA prohibits employment discrimination due to age, such as by refusing to hire or otherwise discriminating against an individual, depriving themof employment opportunities "or otherwise adversely affect[ing their] status as an employee," or reducing their wage rate based on their age. 29 U.S.C. § 623(a). To prove an ADEA claim, a plaintiff must prove that their age was the "but-for" cause of an adverse employment action, not "simply a motivating factor." *Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012) (quoting *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 173–74, 176 (2009)). Plaintiff has only stated what appears to be their age (though "57" could possibly also be a reference to 1957 as their year of birth). *See* Dkt. No. 6 at 5. Again, the complaint does not even specify an adverse employment action, so Plaintiff has not come close to meeting their burden at this early stage.

    2.    **Qualified Immunity**

Defendants also raise a qualified immunity defense. Dkt. No. 29 at 7. In determining whether a public official sued in their individual capacity is entitled to qualified immunity, courts consider whether "the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). At this stage, because the operative complaint has alleged so few facts and fails to state a claim, the Court need not reach this issue.

**C.**    **Leave to Amend**

Usually, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). If this were the only issue in the case, the Court would allow Plaintiff one chance to amend their Complaint.

However, Plaintiff also failed to properly serve the Defendants in this case and then further failed to respond in any way to Defendant's motion pointing out this failure. As the Court previously stated, that reason alone is a basis for dismissal. Indeed, ninety-eight days have passed since Plaintiff's response to the motion was due under the Local Civil Rules (*see* LCR 7(b)(3); *see also* Dkt. No. 19), and in that time Plaintiff has not once requested an extension of the deadline to respond nor taken any action to the cure the deficiencies in the complaint or in service of process.

### IV.  CONCLUSION

For the above reasons and under the circumstances in this case, Defendants' Motion to Dismiss (Dkt. No. 29) is GRANTED.  However, this case is DISMISSED WITHOUT PREJUDICE, which means Plaintiff may re-file a new case if appropriate.

Dated this 13th day of November 2023.

Tana Lin
United States District Judge